No. 20,666.

H M R DEVELOPMENT CORPORATION *v.* THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT, STATE OF COLORADO, ET AL.
(381 P. [2d] 259)

Decided May 6, 1963.

Messrs. MARTIN and McCARTHY, Messrs. BAKER and SMART, for petitioner.

Mr. W. ROBERT WARD, Mr. ALEX STEPHEN KELLER, for respondents.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will refer to the parties as petitioner and respondents. This is an original proceeding in which petitioner seeks an order of this court directing the respondents to vacate an order entered in an action pending in the respondent court, by which petitioner was directed to deposit the sum of $28,066.33 in the registry of said court. Based on the facts alleged in the petition we issued a rule to show cause, and respondents have filed their answer.

The pertinent facts, concerning which there is no dispute, are as follows: Metal Fabricators, Inc. brought an action in the district court of Jefferson county seeking to foreclose a mechanic's lien on real estate owned by petitioner. Numerous parties were made defendants in said action and among them was the general contractor with whom petitioner had contracted for the erection of improvements on the real estate.

At a pre-trial conference held January 29, 1963, it was made to appear that the contract between petitioner and its general contractor made provision for the retention by petitioner of 10% of the total amount due the contractor until completion and acceptance of the improvements. The petitioner filed its "Third-Party Complaint" against said contractor and is resisting the claim that it owes any sum of money to the contractor under the retention clause. Petitioner alleges that the contractor is indebted to it in a considerable sum as damages for breach of contract.

At the pre-trial conference there was no agreement or stipulation by petitioner to deposit any money in the registry of the court. Deposit of said money was suggested by counsel for the contractor. At the time the order was entered the respondent judge stated, inter alia:

"All right. I don't know whether I can do this or not. But I think it probably should be here for the benefit

of this. $28,066.33 will be deposited in Court until the trial is disposed of. * * * "

The respondent court ordered that petitioner deposit the money within fifteen days from January 29, 1963. Thereafter, and in apt time, petitioner filed in said action its "Motion to Vacate Order of January 29, 1963." The respondent judge declined to hear said motion, having shortly thertofore entered an order as follows:

"Motion for re-hearing matters ruled upon at Pre-Trial conference held January 29, 1963, is hereby dispensed with as such would be denied."

Thereupon petitioner invoked the original jurisdiction of this court by filing its petition for relief as above indicated.

█ Respondents attempt to justify the order requiring petitioner to deposit the money in the registry of the court under the provisions of Rule 16, R.C.P. Colo., which is captioned "Pre-Trial Procedure: Formulating Issues." Counsel for respondents assert, inter alia, that:

"The Respondents, in entering the Order of which Petitioners herein complain, did so at Pre-Trial Conference pursuant to Rule 16, Colorado Rules of Civil Procedure, and were acting within the jurisdiction and broad discretionary powers of the Trial Court at Pre-trial Conference."

We think it sufficient to say that there is no authority conferred upon any trial court by Rule 16 to order a defendant to pay into the registry of court the amount of a claim asserted against him when such defendant denies that he is indebted to the claimant in any sum and asserts that said claimant is in fact indebted to him. The order of January 29, 1963, directing petitioner to deposit $28,066.33 in the registry of respondent court, should be forthwith vacated and set aside.

The rule is made absolute.

MR. JUSTICE SUTTON not participating.